Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Designación de Miembros de la Comisión Especial Independiente y Adopción de Medidas Relacionadas | 2012 TSPR 22<br><br>184 DPR \_\_\_\_ |

Número del Caso: EN-2012-01

Fecha: 1ro de febrero de 2012

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Designación de Miembros de la
Comisión Especial
Independiente y Adopción de          EN-2012-01
Medidas Relacionadas

RESOLUCIÓN

En San Juan, Puerto Rico, a 1 de febrero de 2012.

La Directora de la Oficina de Administración de los Tribunales (OAT), Hon. Sonia I. Vélez Colón, contrató al Lcdo. César López Cintrón para que realice una investigación en cuanto al uso de recursos y fondos públicos de la Rama Judicial. Ello en respuesta a una serie de denuncias iniciadas por un Alguacil Auxiliar en contra del Juez Presidente, Hon. Federico Hernández Denton.

Consideramos que esa acción podría interferir con las investigaciones que actualmente confrontan el Juez Presidente y la OAT ante las otras Ramas Constitucionales del Gobierno. Este proceder por parte de la Directora de la OAT, Hon. Sonia I. Vélez Colón, levanta serias interrogantes de índole constitucional y legal.

Esta situación amerita que se investigue conforme a las Reglas para los Procedimientos de Investigaciones Especiales Independientes de la Rama Judicial. A tales efectos, se crea una Comisión compuesta por:

CPA Gerardo A. Rodríguez, quien será su Presidente;

Reverendo William Hernández;

Profesora Tomasita Pabón;

Señora Carmen Carro; y

Licenciada María Mújica

Los comisionados y comisionadas que a partir de hoy constituirán esta Comisión, son personas de probada idoneidad e integridad moral, preparadas y con experiencia en el área de auditoria, y gerencia pública y privada. Esos requisitos sin duda los capacita para cumplir con el deber encomendado de manera cabal. Además, el alcance de esta investigación nos comprende a todos los que tenemos el privilegio de hacer uso de los recursos de esta honrosa Rama de Gobierno. Ello hace patente la intención de transparencia que esta Curia exige y promulga.

La Comisión deberá investigar el uso de fondos y recursos públicos de la Rama Judicial, así como los desembolsos por parte de la OAT y su Directora. La Comisión tendrá los poderes establecidos en las Reglas para los Procedimientos de Investigaciones Especiales Independientes de la Rama Judicial, así como aquellos incidentales y necesarios para cumplir fiel y cabalmente con sus responsabilidades.

En el ejercicio de sus funciones la Comisión no interferirá con la jurisdicción que la Constitución confiere a las otras Ramas Constitucionales de Gobierno. En ese sentido cooperará con cualquier investigación sobre este mismo asunto. Tampoco interferirá con otras investigaciones que estén en curso.

A tenor con los poderes que nos confieren las Reglas 7 y 8 de las Reglas para los Procedimientos de Investigaciones Especiales Independientes de la Rama Judicial, y en protección de la jurisdicción de la Comisión y la integridad de su encomienda, se le ordena a la Directora Administrativa de los Tribunales, so pena de desacato, que **deje sin efecto de manera inmediata el Contrato otorgado por la OAT al Lcdo. César López Cintrón y cualquier otra contratación relacionada a la investigación.** Se le prohíbe a la Directora de la Administración de los Tribunales el desembolso de fondos públicos asignados a la Rama Judicial para el pago de los servicios del Lcdo. López Cintrón bajo dicho Contrato.

Notifíquese inmediatamente por teléfono, vía *fax* y por la vía ordinaria a la Directora Administrativa de los Tribunales, Hon. Sonia Ivette Vélez, al Licenciado César López Cintrón y a los miembros de la Comisión.

Publíquese inmediatamente.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton hace constar la siguiente expresión: "Por encontrarme fuera del País, participando de la Conferencia de Jueces Presidentes de los Estados Unidos, y porque la mayoría ha certificado estas Resoluciones tan atropelladamente, me acojo al término reglamentario dispuesto en la Regla 5(b) para emitir un Voto Particular Disidente. No obstante, deseo hacer constar que disiento de las Resoluciones que hoy se emiten por ser contrarias a nuestro ordenamiento constitucional democrático. Mediante dichas Resoluciones, el Pleno del Tribunal usurpa unas prerrogativas y facultades que la Constitución le delegó expresamente al Juez Presidente. Además, esta actuación de la mayoría tiene el efecto de precipitar una crisis constitucional innecesaria y mancillar la independencia judicial en su vertiente administrativa. Asimismo, lacera la imagen, la historia y la legitimidad de este alto Foro, garante de los derechos constitucionales de los puertorriqueños". La Jueza Asociada señora Fiol Matta no está de acuerdo con el proceder de una mayoría del Tribunal recogido en esta Resolución, por entender que representa una actuación contraria a nuestro ordenamiento constitucional. Por consiguiente, se reserva el derecho a expresarse al respecto, conforme a la Regla 5(b) del Reglamento del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez hace constar la siguiente expresión: "Una mayoría del Tribunal decidió certificar la presente Resolución antes de la fecha informada en el día de ayer, por lo que no he tenido tiempo de expresarme sobre la actuación inconstitucional de este Tribunal. Por disentir del proceder de la mayoría, hago constar que me acojo al término reglamentario de la Regla 5 del Tribunal Supremo de Puerto Rico para emitir una expresión oportunamente".


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo